

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Robinson" (2007). *2007 Decisions.* Paper 1247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1699

———————

UNITED STATES OF AMERICA

v.

TIMOTHY EDWARD ROBINSON,

<u>Appellant</u>

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00296-3)
District Judge: Hon. A. Richard Caputo

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2007

BEFORE: SMITH and  COWEN, <u>Circuit Judges</u>
and YOHN*, <u>District Judge</u>

(Filed April19, 2007)

———————

OPINION

———————

———————

*Honorable William H. Yohn Jr., Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

COWEN, Circuit Judge.

Timothy Edward Robinson appeals his sentence, which was imposed after he pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Robinson's counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying the absence of any non-frivolous issues on appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because we conclude that counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and an independent review of the record has revealed no non-frivolous issues, we will affirm Robinson's sentence and grant defense counsel's motion to withdraw.

A grand jury returned an eight-count indictment charging Robinson and two other individuals with committing various drug-related offenses. Robinson subsequently pleaded guilty to one count of possession with intent to distribute methamphetamine.

In preparation of sentencing, the United States Probation Department issued a presentence investigation report (PSR). Most important for purposes of this appeal, the PSR determined that Robinson was subject to the enhanced provisions of the career offender guideline set forth in U.S.S.G. § 4B1.1, based on Robinson's previous Pennsylvania state convictions for criminal conspiracy to deliver a controlled substance, terroristic threats, and simple assault. The PSR calculated the advisory Guidelines range as 151 to 188 months' imprisonment. Ultimately, the District Court imposed a sentence of 96 months, concluding that a below-Guidelines sentence was appropriate to avoid

2

sentencing disparities and in light of Robinson's physical condition and unique characteristics.

Thereafter, Robinson filed a notice of appeal. Robinson's counsel filed an *Anders* brief, seeking to withdraw on the grounds that Robinson's appeal raises no meritorious issues.

We exercise plenary review in evaluating, "after a full examination of all the proceedings," whether an appeal is wholly frivolous. *Anders*, 386 U.S. at 744. Our inquiry is twofold. First, we must determine whether counsel's brief adequately fulfills the requirements of Third Circuit Local Appellate Rule 109.2(a). *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's obligations in this regard are "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and "to explain why the issues are frivolous." *Id.* Second, we must satisfy ourselves that an independent review of the record reveals no non-frivolous issues. *Id.* Where an *Anders* brief appears adequate on its face, we confine our review to those parts of the record identified in the brief, along with any issues raised by an appellant in a *pro se* brief.[1] *Id.* at 301.

We are satisfied that counsel's *Anders* brief demonstrates a thorough examination of the record. Counsel presents three arguably non-frivolous claims (discussed below),

---

[1] Robinson was advised of his right to file a *pro se* brief in this court, but he has not done so. However, he informed his counsel of those arguments that he wished to present, and counsel addressed the arguments in his *Anders* brief.

3

amply discusses these issues, and explains the legal bases for his belief that each issue lacks merit. We agree with counsel's assessment, and find that counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a).

Nor does our own review of the issues raised in counsel's brief demonstrate that there are any non-frivolous issues to be raised on appeal. Robinson first argues that the career-offender enhancement should not have been applied because his prior Pennsylvania convictions for terroristic threats and simple assault are not felonies under U.S.S.G. § 4B1.1. The Guidelines provide that for a defendant to be a career offender, "the defendant [must have] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B.1.1(a)(3). Robinson argues that because Pennsylvania law grades simple assault a *misdemeanor* of the second degree, 18 Pa. Cons. Stat. § 2701, and terroristic threats a *misdemeanor* of the first degree, 18 Pa. Cons. Stat. § 2706(d), those convictions cannot constitute prior *felony* convictions under the Guidelines. However, as Robinson's counsel and the government explain, the Guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. n.3. Robinson's terroristic threat and assault offenses have maximum sentences of five and two years, respectively. *See* 18 Pa. Cons. Stat. § 1104. Thus, the convictions qualify as felonies under the Guidelines, and Robinson's argument to the contrary lacks merit.

Robinson next argues that his Pennsylvania conviction for criminal conspiracy to deliver a controlled substance occurred too remotely to serve as a prior felony conviction for career-offender purposes. The Guidelines provide that prior convictions are only eligible to count toward career-offender status if the prior conviction "was imposed within fifteen years of the defendant's commencement of the instant offense," U.S.S.G. § 4A1.2(e); to Robinson's mind, his previous controlled-substance offense occurred in the 1980s – outside of the fifteen-year look-back period. Robinson's argument fails, however, because all of the evidence before us demonstrates that this conviction occurred more recently than he claims. The PSR reported that this conviction occurred on August 30, 1990, which, given that Robinson was arrested for the instant offense on July 8, 2004, is indisputably within fifteen years of the "commencement of the instant offense." In investigating Robinson's claim that the offense actually occurred in the 1980s, Robinson's counsel reviewed the records of the adult probation office and the clerk of records in the county in which Robinson was convicted. Both sources confirmed the accuracy of the date provided by the PSR. Accordingly, we agree with counsel that this argument is frivolous.

Finally, Robinson argues that his sentence violates the Sixth Amendment because the District Court, rather than a jury, made findings of fact regarding his criminal history. However, this argument is foreclosed by our decision in *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005), in which we rejected the precise argument that Robinson presses here. Accordingly, this claim is also without merit.

We conclude that counsel's brief satisfies the requirements of *Anders*, and that an independent review of the record reveals no non-frivolous issues that could be raised on appeal. Therefore, we will affirm the judgment of sentence of the District Court entered on February 7, 2006, and grant counsel's motion to withdraw.